**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FLEXA NETWORK INC., | Civil Action No. _____ |
| Petitioner, | |
| v. | |
| SCOTT MANDEL, | |
| Respondent. | |

## PETITION TO COMPEL ARBITRATION

Flexa Network Inc. ("Petitioner" or "Flexa"), by and through the undersigned counsel, brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"), to compel arbitration of Flexa's claims against Respondent Scott Mandel ("Respondent" or "Mandel"). Flexa's claims are asserted in an arbitration convened by Flexa on July 19, 2019 with the American Arbitration Association ("AAA"). Flexa's Demand for Arbitration and Statement of Claim ("Demand for Arbitration") was filed in accordance with the arbitration provision in the June 1, 2018 employment agreement between Flexa and Mandel (the "Employment Agreement" or the "Agreement"). For its Petition, Flexa alleges as follows:

### THE PARTIES

1.      Petitioner Flexa is a Delaware corporation with its principal place of business located at 79 Madison Avenue, New York, New York 10016.

2.      Respondent Mandel is an individual residing, on information and belief, in or around Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists amongst the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      The Employment Agreement provides that it shall be governed by the law of the State of Delaware.  (*See* Employment Agreement, § 6.8, attached as **Exhibit A**.)

5.      Venue is proper in this Court because Section 4 of the Federal Arbitration Act provides that a party aggrieved by another's failure to arbitrate under a written agreement "may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed  in the manner provided for in such agreement."  Petitioner Flexa requests an order compelling Respondent to arbitrate the claims asserted by Flexa in the pending arbitration proceeding filed against Respondent with AAA in Wilmington, Delaware, a locale within this Court's jurisdiction. Accordingly, the Court is a proper venue for this matter.

## FACTUAL BACKGROUND

6.      Flexa is an emerging technology company that has developed a payments network that enables users to spend their cryptocurrency at certain retail stores in the United States.  A crucial component of Flexa's payments network was the creation of a digital token, or cryptocurrency, known as Flexacoin ("FXC"), which is to be utilized as collateral for every purchase made through Flexa's payments network.

7.      In May 2018, Flexa retained the services of Mandel pursuant to an advisor agreement (the "Advisor Agreement") to provide advice regarding the cryptocurrency industry and

the token offering process in which Flexa would sell FXC to investors as part of a regulatory compliant securities offering.  It also retained Mandel to introduce Flexa to potential buyers of FXC from his personal network, based on representations by Mandel of his ability to help Flexa raise substantial capital.

8.      Shortly after executing the Advisor Agreement, it became clear that Mandel could not assist in raising the amount of capital that he represented.  In June 2018, the parties discussed Mandel becoming an employee of Flexa.

9.      Mandel was represented by counsel who reviewed and modified the draft of the Employment Agreement, which Mandel signed on July 22, 2018, and which has an effective date of June 1, 2018.  Mandel thereafter was employed as Flexa's Director of Community.

10.     The Employment Agreement required Mandel to be a full-time employee for Flexa, cease working for any other businesses, and to introduce potential FXC buyers to Flexa from Mandel's personal network.  In exchange, Flexa agreed to pay Mandel a $100,000 annual salary with the possibility of a bonus (the "ICO Bonus") at the sole discretion of Flexa's board of directors.  (*See* Employment Agreement, §§ 1, 3 [**Exhibit A**].)

11.     The Employment Agreement includes an arbitration provision which provides that, outside of two exceptions that are inapplicable here, any dispute or claim related to the Employment Agreement or Mandel's employment with Flexa must be submitted to and decided in arbitration in a proceeding administered by the AAA:

> 6.11   Arbitration.  Except to reinforce the restrictive covenants in Section 5, or such other instances where either party seeks injunctive relief, any dispute, controversy or claim arising out of or related to the Agreement or the breach of the Agreement, or out of any other aspect of [Mandel's] employment or separation therefor, including but not limited to compensation, discrimination, and/or retaliation claims of any type, whether such claims arise by contract, statute, common law, equity, or otherwise, shall be submitted to and decided

by binding arbitration in Wilmington, Delaware. **Arbitration shall be administered exclusively by the American Arbitration Association and shall be conducted consistent with the rules, regulations and requirements thereof as well as any requirements imposed by state Law**. Any arbitral award determination shall be final and binding upon the parties to the Agreement.

(*See* Employment Agreement, § 6.11 (emphasis added) [**Exhibit A**].)

12.     By fall of 2018, the relationship between Flexa and Mandel was beginning to sour due to Mandel's underperformance. Flexa expressed its concerns to Mandel on several occasions.

13.     In early October 2018, Flexa suggested to Mandel that he consider resigning his position as an employee and return to a new advisory role in a part-time capacity.

14.     Mandel refused to return to an advisor role, rejecting a revised advisor agreement that Flexa had presented to him.

15.     Mandel communicated to Flexa that he preferred to continue as an employee of Flexa, rather than serve as an advisor so that he would be "protected" against potential scrutiny by the Securities and Exchange Commission ("SEC") and Financial Industry Regulatory Authority ("FINRA") that he was acting as an unregistered broker-dealer for Flexa.

16.     Upon Mandel's recommitting to complying with the terms of the Employment Agreement, Flexa executed the Employment Agreement on October 19, 2018

17.     Throughout October 2018, Mandel complained about the compensation he had agreed to under the Employment Agreement, and specifically demanded the ICO Bonus.

18.     On October 29, 2018, after Flexa refused to compensate Mandel with the ICO Bonus, Mandel advised Flexa that he had decided to stop performing any employment services for Flexa.

19.     Mandel, however, continued to be in contact with Flexa management about working for Flexa as an advisor instead of an employee the very position that Flexa had offered

hin, and that he had refused.  When Flexa would not agree, Mandel eventually threatened that he would disclose alleged confidential information of Flexa and "take down" Flexa if it did not pay him 1.4 billion in FXC units, valued at approximately $1.4 million at the time.

20.     On July 19, 2019, Flexa filed the Demand for Arbitration against Mandel (*see* **Exhibit B**).  Flexa seeks declaratory relief and damages resulting from Mandel's breach of the Employment Agreement and breach of his common law duty of loyalty to Flexa while employed with Flexa.

21.     On September 5, 2019, Mandel's attorney informed the case manager at the AAA and Flexa that he and his client would not be participating in arbitration because the Employment Agreement is "not valid and is not a legal or enforceable contract."  (*See* September 5, 2019 email from Mandel's attorney [**Exhibit C**].)

22.     The Employment Agreement provides that "[a]rbitration shall be administered exclusively by the American Arbitration Association and shall be conducted consistent with the rules, regulations and requirements thereof as well as any requirements imposed by state Law." (Employment Agreement, § 6.11 [**Exhibit A**].)

23.     The rules of the AAA, which are incorporated into the Employment Agreement through Section 6.11, provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement," and that "[t]he **arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part**."  *See* AAA Employment Arbitration Rules & Mediation Procedures, Rule 6(a)-(b) (2009) which are attached hereto as **Exhibit D**.) (emphasis added)

24.     Because this Court has authority to compel arbitration in Wilmington, Delaware under Section 4 of the FAA, Petitioner Flexa requests this Court to order that Respondent Mandel participate in the arbitration of Petitioner's Demand for Arbitration filed and pending with the AAA.

## FIRST CLAIM
### (Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)

25.     Petitioner Flexa repeats and realleges the allegations set forth in Paragraphs 1 through 24 above as if fully set forth herein.

26.     Respondent Mandel voluntarily agreed to the terms of the Employment Agreement, including the arbitration provision, with advice of counsel.

27.     Respondent Mandel and Petitioner Flexa each signed the Employment Agreement.

28.     The arbitration provision in the Employment Agreement provides that arbitration between Petitioner and Respondent shall be administered exclusively by the AAA and shall be conducted consistent with the rules, regulations and requirements thereof as well as any requirements imposed by state law.

29.     The applicable rules of the AAA provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement," and that "[t]he arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part."

30.     The claims in Petitioner Flexa's Demand for Arbitration are within the scope of the arbitration provision, which requires that any dispute, controversy or claim, outside of two inapplicable exceptions, arising out of or related to the Employment Agreement or breach thereof, or any other aspect of Respondent's employment or separation therefrom shall be submitted to binding arbitration in Delaware in a proceeding to be administered by the AAA.

31.     Respondent is refusing to arbitrate Petitioner Flexa's claims in contravention of the arbitration provision of the Employment Agreement.

32.     Pursuant to Section 4 of the FAA, 9. U.S.C. § 4, this Court has authority to compel Respondent to arbitrate Petitioner's claims brought against Respondent in Wilmington, Delaware.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Flexa demands judgment as follows:

1.      That the Court issue an Order, pursuant to Section 4 of the FAA, compelling arbitration of all claims brought by Petitioner against Respondent in accordance with the rules of the AAA, as well as any other claims of the parties that arise out of or are related to the Agreement or breach of the Agreement, or any other aspect of Respondent's employment with or separation from Petitioner;

2.      That the Court award Petitioner its attorneys' fees, court costs, and other litigation expenses incurred in compelling respondent to arbitrate Petitioner's claims against Respondent; and

3.      That the Court grant any other relief in favor of Petitioner Flexa that it deems just and proper.

DATE:  October 15, 2019

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Larry R. Wood Jr.*
Larry R. Wood Jr. (No. 3262)
Adam V. Orlacchio (No. 5520)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400
lwood@blankrome.com
orlacchio@blankrome.com

**CROWELL & MORING LLP**
Thomas P. Gies (*pro hac vice* to be filed)
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
(202) 624-2690
tgies@crowell.com

*Attorneys for Flexa Network Inc.*