IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FLEXA NETWORK INC., :
:
:
Petitioner, :
:
:
v. : Civil Action No. 1:19-mc-
: 00258-CFC
SCOTT MANDEL :
:
:
Respondent. :
:
:

Larry R. Wood Jr., BLANK ROME LLP, Wilmington, Delaware; Adam V. Orlacchio, BLANK ROME LLP, Wilmington, Delaware; Thomas P. Gies, CROWELL & MORING LLP, Washington, D.C.

*Counsel for Petitioner*

Justin S. Brooks, GUTTMAN, BUSCHNER & BROOKS PLLC, Greenville, Delaware; Samuel T. Hirzel, II, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, Delaware; Melissa N. Donimirski, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, Delaware

*Counsel for Respondent*

# **MEMORANDUM ORDER**

Before me is a Petition to Compel Arbitration brought by Flexa Network Inc. pursuant to Section 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, against Scott Mandel. D.I. 1.

1. Under § 4 of the FAA, "[a] party aggrieved by the ... refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

2. In 2018, Flexa and Mandel executed an "Employment Agreement." D.I. 1, Ex. A. Section 6.11 of the Employment Agreement, titled "Arbitration," states:

> Except to enforce the restrictive covenants in <u>Section 5</u>, or in such other instances where either party seeks injunctive relief, any dispute, controversy or claim arising out of or related to the Agreement or the breach of the Agreement, or out of any other aspect of [Mandel's] employment or separation therefrom, including but not limited to compensation, discrimination, and/or retaliation claims of any type, whether such claims arise by contract, statute, common law, equity, or otherwise, <u>shall be administered exclusively by the American Arbitration Association and shall be conducted consistent with the rules, regulations and requirements thereof as well as any requirements impose by state Law.</u> Any arbitral award determination shall be final and binding upon the parties to the Agreement.

D.I. 1, Ex. A § 6.11 Arbitration (emphasis added). Thus, by its express terms, §

6.11 of the Employment Agreement requires Flexa and Mandel to arbitrate all their employment disputes that do not involve the restrictive covenants set forth in Section 5 of the Employment Agreement or a claim for injunctive relief.

3. On July 19, 2019 Flexa submitted a dispute with Mandel to the American Arbitration Association. D.I. 1 ¶ 20; D.I. 1, Ex. B. Mandel refused to participate in the arbitration. D.I. 1 ¶ 21.

4. On October 10, 2019, Flexa filed its petition to compel arbitration. D.I. 1. Mandel opposes that petition and argues that he does not have to participate in the arbitration because the Employment Agreement as a whole is unenforceable. *See* D.I. 6.

5. The FAA "reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010).

6. Section 2 of the FAA is the "primary substantive provision of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). It provides:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

3

7. "[B]ecause § 2 states that a 'written provision' 'to settle by arbitration a controversy' is 'valid, irrevocable, and enforceable' *without mention* of the validity of the contract in which it is contained[,] ... a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Center*, 561 U.S. at 70 (emphasis in the original). Thus, "as a matter of substantive federal arbitration law, an arbitration provision [in a contract] is severable from the remainder of the contract," and whether a contract as a whole is valid should be "considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006).

8. Mandel has not specifically challenged the parties' arbitration agreement. *See* D.I. 6. He has challenged only the validity of the Employment Agreement as a whole. Accordingly, Supreme Court precedent mandates that I grant Flexa's petition and allow the Arbitrator to resolve in the first instance the issue of the Employment Agreement's validity.

WHEREFORE, at Wilmington this 8th day of November 2019, **IT IS HEREBY ORDERED** that:

1. Petitioner Flexa Network Inc.'s Petition to Compel Arbitration (D.I. 1) is **GRANTED**;

2. Respondent Scott Mandel shall arbitrate all the claims brought by Petitioner against him in accordance with the rules of the American Arbitration Association, as well as any other claims of the parties that arise out of or are related to the Employment Agreement or breach of the Employment Agreement, or any other aspect of Respondent's employment with or separation from Petitioner's employ; and

3. Respondent Scott Mandel shall pay Petitioner's reasonable attorneys' fees and costs incurred in pursuing its Petition to Compel Arbitration.

                                  _____
                                  HONORABLE COLM F. CONNOLLY
                                  UNITED STATES DISTRICT JUDGE